UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MEASUREMENT SPECIALTIES, INC. SECURITIES LITIGATION | **Civ. Action No. 02–CV–1071** |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT, CERTIFYING THE CLASS AND
PROVIDING FOR NOTICE**

WHEREAS, a class action is pending before the Court entitled *In re Measurement Specialties, Inc. Sec. Litig.*, Case No. 02-CV-1071 (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of March 31, 2004 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a Settlement Class defined as all Persons who purchased Measurement Specialties, Inc. ("Measurement Specialties") stock between July 26, 2000 through and including October 31, 2002, including those Persons who purchased Measurement Specialties stock in a secondary offering which became effective on or about August 1, 2001. Excluded from the Class are Defendants, members of each of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current and former directors and officers of Measurement Specialties and members of their immediate families, current and former partners of Arthur Andersen, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity.

1

2.     With respect to this certified Settlement Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interest of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the Litigation of these claims, and (iv) the difficulties likely to be encountered in the management of the class action.

3.     The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

4.     A hearing (the "Settlement Hearing") shall be held before this Court on July 20, 2004 at 11:00 a.m., at the United States District Court, District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07101 to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to each of the Settling Parties and the Class and should be approved by the Court; whether a Judgment as provided for in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel. The Court may adjourn the Settlement Hearing without further notice to members of the Class.

2

5.    The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for Publication ("Summary Notice") annexed as Exhibits 1, 2, and 3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶6 of this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.    Plaintiffs' Lead Counsel are hereby authorized to retain the firm of David Berdon & Co., LLP (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    Not later than fourteen (14) business days from the date hereof (the "Notice Date"), Plaintiffs' Lead Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the form annexed as Exhibits 1 and 2, to be mailed by first class mail to all members of the Class who can be identified with reasonable effort;

(b)    Within ten (10) days of the Notice Date, Plaintiffs' Lead Counsel shall cause the Summary Notice, substantially in the form of Exhibit 3 hereto, to be published once in the national edition of *The Wall Street Journal*; and

(c)    At or prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.    Nominees who held stock of Measurement Specialties purchased during the period July 26, 2000 through and including October 31, 2002, shall send the Notice and the Proof of Claim to the beneficial owners of such Measurement Specialties stock within ten (10)

3

days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

8.     All members of the Class who do not submit a valid request for exclusion in accordance with ¶12 below shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

9.     Members of the Class who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

10.    Class Members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

11.    Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12.    Any person falling within the definition of the Settlement Class as certified by the Court in ¶1 above may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), so as to be received no later than twenty (20) days prior to the Settlement Hearing. A Request for Exclusion

4

must state: (1) the name and address of the Person requesting exclusion; (2) the Person's purchases and sales of Measurement Specialties stock during the Class Period, including the dates, the numbers of shares, and prices paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Class. Such Persons should also state their telephone number. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

Any Class Member may appear and show cause, if he, she or it has any, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel unless that Person has (1) delivered by hand, or sent by overnight or first-class mail, written objections and copies of any papers and briefs such that they are received on or before twenty (20) days before the date of the Settlement Hearing by: a) Frederic S. Fox, Kaplan Fox & Kilsheimer LLP, 805 Third Avenue, 22nd Floor, New York, NY 10022, Telephone (212) 687-1980; b) Richard Harper, McCarter & English, LLP, Four Gateway Center, 100 Mulberry Court, Newark, NJ 07102, Telephone (973) 622-4444; and c) James Sabella, Sidley Austin Brown & Wood LLP, 787 Seventh Avenue, New York, NY 10019, Telephone: (212) 839-5300 and

(2) filed said objections, papers and briefs with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07101 on or before twenty (20) days before the date of the Settlement Hearing.  Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

13.     The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms and obligations of the Stipulation is approved.  No Person that is not a member of the Class, a Lead Plaintiff or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

14.     All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15.     All papers in support of the Settlement, the Plan of Allocation and the application by Plaintiffs' Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served fourteen (14) days prior to the Settlement Hearing.

16.     Neither the Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

6

17.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

18.    All reasonable expenses incurred in identifying and notifying the members of the Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Notice and Administration Fund, other than as specified in the Stipulation.

19.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind.

20.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

Dated: 4/22/04

UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE MEASUREMENT SPECIALTIES, INC.
SECURITIES LITIGATION

Civ. Action No. 02-CV-1071

**NOTICE OF PROPOSED SETTLEMENT
OF CLASS ACTION**

**EXHIBIT   1**

TO:   ALL PERSONS WHO PURCHASED THE STOCK OF MEASUREMENT
      SPECIALTIES, INC. DURING THE PERIOD JULY 26, 2000 THROUGH AND
      INCLUDING OCTOBER 31, 2002, INCLUDING THOSE PERSONS WHO
      PURCHASED MEASUREMENT SPECIALTIES STOCK IN A SECONDARY
      OFFERING WHICH BECAME EFFECTIVE ON OR ABOUT AUGUST 1, 2001

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR

RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE

THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO

SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO

CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF

CLAIM POSTMARKED ON OR BEFORE _____, 2004.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the District of New Jersey (the

"Court").  The purpose of this Notice is to inform you of the proposed settlement of this class

action litigation and of the hearing to be held by the Court to consider the fairness,

reasonableness and adequacy of the settlement.  This Notice describes the rights you may have in

connection with the settlement and what steps you may take in relation to the settlement and this

class action litigation.

The proposed settlement creates a fund in the amount of $8,090,000 in cash (plus accrued

interest).  Based on Lead Plaintiff's estimate of the number of outstanding shares that may have

been damaged by Defendants' alleged conduct, the average recovery per damaged share would

be approximately $0.85, before deduction of Court-approved fees and expenses.  However, your

actual recovery from this Fund will depend on a number of variables including the number of

claimants, the price paid for the shares you purchased, the amount for which they were sold if

they were sold, the expense of administering the claims process, and the timing of your purchases and sales, if any.

Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted. The issues on which they disagree include: (1) the appropriate economic model for determining the amount by which Measurement Specialties stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which Measurement Specialties' stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of Measurement Specialties' stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Measurement Specialties' stock at various times during the Class Period; (5) the extent to which the various matters that plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Measurement Specialties' stock at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that plaintiffs alleged were omitted influenced (if at all) the trading price of Measurement Specialties' stock at various times during the Class Period; and (7) whether the statements made or facts allegedly omitted were false, material or otherwise actionable under the federal securities laws.

The Lead Plaintiff believes that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the

2

Litigation gone to trial, Defendants intended to assert that all or most of the losses of Class Members were caused by non-actionable market, industry or general economic factors. Defendants would also assert that throughout the Class Period, the uncertainties and risks associated with Measurement Specialties' business and financial condition were fully and adequately disclosed.

Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the settlement is approved by the Court, Plaintiffs' Counsel will apply to the Court for attorneys' fees of up to 30% of the settlement, and for reimbursement of costs and expenses not to exceed $125,000 to be paid from the settlement proceeds.  If the amount requested by Plaintiffs' Counsel is approved by the Court, the average cost per potentially damaged share would be $0.25.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness, reasonableness or adequacy of the proposed settlement.

For further information regarding this settlement, you may contact: Frederic S. Fox or Christine M. Fox, of Kaplan Fox & Kilsheimer LLP, 805 Third Avenue, 22nd Floor, New York, NY 10022, Telephone (212) 687-1980. Please do not contact any representative of the Company.

## I.   NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, at _____ __.m., before the Honorable Katherine S. Hayden, United States District Judge of the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07101 (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement

consisting of the sum of $8,090,000 in cash, plus accrued interest, should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable and adequate; (3) whether the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Class" means all Persons who purchased the stock of Measurement Specialties during the period July 26, 2000 through and including October 31, 2002, including those Persons who purchased Measurement Specialties stock in a secondary offering which became effective on or about August 1, 2001 (the "Offering").

2.    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1 above.

3.    "Defendants" means Measurement Specialties, Joseph R. Mallon, Kirk J. Dischino, Dr. Steven P. Petrucelli, Damon Germanton, John D. Arnold, Theodore J. Coburn, Dan J. Samuel, Needham & Company, Inc., Friedman Billings Ramsey & Co., Inc., Janney Montgomery Scott LLC, and Arthur Andersen LLP ("Arthur Andersen").

4.    "Released Parties" shall collectively mean the "Measurement Specialties Released Parties" and the "Arthur Andersen Released Parties" as defined below:

(a)    "Measurement Specialties Released Parties" means Measurement Specialties and the Individual Defendants, including Joseph R. Mallon, Kirk J. Dischino, Dr. Steven P. Petrucelli, Damon Germanton, John D. Arnold, Theodore J. Coburn, Dan J. Samuel, and each of Measurement Specialties' and the Individual Defendants' past or present directors,

4

officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, solicitors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which Measurement Specialties or any of the Individual Defendants has a controlling interest, any members of their immediate families, or any trust of which Measurement Specialties or any of the Individual Defendants is the settlor or which is for the benefit of Measurement Specialties or any of the Individual Defendants and/or member(s) of his or her family.

(b)   "Arthur Andersen Released Parties" means Arthur Andersen; AWSC Societe Cooperative, en liquidation (formerly known as Andersen Worldwide SC); Accenture LLP (formerly known as Andersen Consulting LLP); Accenture Partners, SC (formerly known as Andersen Consulting Partners, SC) (the "Andersen entities"); and each of their past and present directors; officers; partners; principals; employees; members of the immediate families of such directors, officers, partners, principals or employees; members firms; agents; underwriters; insurers; co-insurers; reinsurers; controlling shareholders; attorneys; solicitors; banks or investment banks; associates; personal or legal representatives; predecessors; successors; parents; subsidiaries; divisions; joint ventures; assigns; spouses; heirs; related or affiliated entities; any entity in which any of the Andersen entities has a controlling interest; or any trust of which any of the Andersen entities is the settler or which is for the benefit of any of the Andersen entities.

(c)   "Underwriter Released Parties" means Needham & Company, Inc., Friedman Billings Ramsey & Co., Inc., Janney Montgomery Scott LLC, and any past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers,

reinsurers, controlling shareholders, attorneys, solicitors, banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures or assigns of any of the above-listed entities.

5.      "Released Claims" shall mean any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims (as defined herein), that have been or could have been asserted directly, indirectly, representatively or in any other capacity, in any forum by the Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way to, the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in the Litigation, including, without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon or related in any way to the purchase, acquisition, sale or disposition of Measurement Specialties common stock by any Class Member in the Offering or during the Class Period.  Released Claims includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation.

6.      "Unknown Claims means any and all Released Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it might have affected his, her or its decision(s) with respect to the Stipulation.  With respect to any and all Released Claims, the

6

Settling Parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and

Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of

the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his favor at the time of executing the release, which if known
> by him must have materially affected his settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Class Members by operation of law shall be

deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Released Claims was separately bargained for and was a material element of the Settlement.

## III.    THE LITIGATION

The following cases were commenced in the United States District Court for the District

of New Jersey on or after March 11, 2002: (1) *Farina vs. Measurement Specialties, Inc. et al.*

(2:02cv1071); (2) *Brinegar v. Measurement Specialties, Inc., et al.* (2:02cv1338); (3) *Kiwan v.*

*Measurement Specialties, et al.* (2:02cv1420); (4) *Tycher v. Measurement Specialties, et al.*

(2:02cv1567); (5) *Kupferschmid vs. Measurement Specialties, Inc. et al* (2:02cv1829); (6)

*Mosley v. Measurement Specialties, et al.* (2:02cv2257); and (7) *Greenberg v. Measurement*

*Specialties, et al.* (2:02cv2394).  By Order dated June 13, 2002, these actions were consolidated

for all purposes under the caption *In re Measurement Specialties, Inc. Securities Litigation.*

On July 15, 2002, the Court appointed James C. Kellogg as Lead Plaintiff and appointed Kaplan

Fox & Kilsheimer LLP ("Kaplan Fox") as Plaintiff's Lead Counsel for the Class.

On September 12, 2002, plaintiff filed an Amended Complaint for violations of the

federal securities laws, which alleged violations of Sections 11 and 15 of the Securities Act of

7

1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, against Measurement Specialties, Joseph R. Mallon, Kirk J. Dischino, Dr. Steven P. Petrucelli, Damon Germanton, John D. Arnold, Theodore J. Coburn, Dan J. Samuel, Needham & Company, Inc., Friedman Billings Ramsey & Co., Inc., Janney Montgomery Scott LLC, and Arthur Andersen LLP ("Arthur Andersen").

The Amended Complaint alleged that throughout the Class Period (as defined herein), Measurement Specialties touted the financial condition of its business and reported strong profits and positive earnings per share ("EPS") during several financial reporting periods. However, these positive results were materially false and misleading. Indeed, the Amended Complaint alleged that Measurement Specialties incurred large losses and, as a result, was in default under its credit agreement during the Class Period.

The §§11, 12(a)(2) and 15 claims were brought on behalf of all persons and entities, other than defendants, who purchased Measurement Specialties' common stock pursuant, or traceable to, a secondary public offering of 2.2 million shares of Measurement Specialties common stock at $13.50 per share, which became effective on or about August 1, 2001 (the "Offering"). Defendants for the §§11, 12(a)(2) and 15 claims included Measurement Specialties, certain of the Company's current and former executive officers and directors, the underwriters of the Offering and the Company's then auditor, Arthur Andersen. These claims allege that the Registration Statement and Prospectus (collectively the "Prospectus") issued in connection with the Offering misrepresented and omitted material facts in that, among other things, the financial results for the year ended March 31, 2001 and for the quarter ended June 30, 2001 incorporated

8

therein, were false and misleading, in violation of generally accepted accounting principles ("GAAP").

The remaining counts of the Amended Complaint were brought under §§10(b), 20(a) and 20A of the Exchange Act and Rule 10b-5 promulgated thereunder on behalf of all purchasers of the common stock of Measurement Specialties between July 5, 2001 and July 12, 2002, inclusive. On October 31, 2002, the Company filed restated financial statements for the fiscal year April 1, 2000 through March 31, 2001 and the fiscal quarters ending June 30, 2001, September 30, 2001, and December 31, 2001. The defendants for these claims are the Company and certain of its top current and former executive officers and directors.

Defendants moved to dismiss the Amended Complaint. On September 30, 2003, the Court denied defendants' motions to dismiss.

## IV.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiff's Lead Counsel recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiff's Lead Counsel has also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.

Plaintiff's Lead Counsel are also mindful of the inherent problems of proof under and possible defenses to the federal securities law violations asserted in the Litigation. Plaintiff's Lead Counsel believes that the Settlement set forth in the Stipulation confers substantial benefits upon the Class Members. Based on their evaluation, Plaintiff's Lead Counsel has determined

that the Settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Class Members.

## V.   DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiff in the Litigation.  Defendants have expressly denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants have also denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiff or the Class have suffered damage, that the price of Measurement Specialties common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.  Defendants have therefore determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## VI.   TERMS OF THE PROPOSED SETTLEMENT

The Defendants will cause to be paid into an escrow account, pursuant to the terms of the Stipulation, cash in the amount of $8,090,000 which will earn interest for the benefit of the Settlement Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Plaintiffs' Counsel as attorneys' fees and for reimbursement of out-of-pocket expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below (or such Plan of Allocation as is approved by the Court) to Settlement Class Members who submit valid and timely Proof of Claim forms.

The Stipulation provides that Defendants may withdraw from and terminate the settlement in the event that claimants who purchased in excess of a certain number of shares during the Class Period exclude themselves from the Class.

## VII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.   The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in Measurement Specialties common stock during the Settlement Class Period.

The Plan of Allocation reflects an assessment of the damages that could have been recovered and Plaintiffs' Lead Counsel's assessment of the likelihood of establishing liability for various portions of the Class Period.

11

**A.**   **PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG CLASS MEMBERS**

1.   For shares of common stock purchased between July 26, 2000 and February 14, 2002, inclusive, and retained at the end of trading on October 31, 2002, the Recognized Loss shall be the lesser of:

   (a)   $4.50 per share; or

   (b)   the difference between the purchase price per share and the sales price per share for each share sold between November 1, 2002 and January 29, 2003; or

   (c)   the difference between the purchase price per share and $2.22 for each share still held at the close of trading on January 29, 2003.[1]

2.   For shares of common stock purchased and sold between July 26, 2000 and February 14, 2002, inclusive, there shall be no Recognized Loss.

3.   For shares of common stock purchased between July 26, 2000 and February 14, 2002, inclusive, and sold between February 15, 2002 and October 31, 2002, the Recognized Loss shall be the lesser of:

   (a)   $4.00 per share; or

   (b)   the difference between the purchase price per share and the sales price per share for each share sold between February 15, 2002 and July 12, 2002.

4.   For shares of common stock purchased between February 15, 2002 and October 31, 2002, inclusive, and retained at the end of trading on October 31, 2002, the Recognized Loss shall be the lesser of:

   (a)   $0.50 per share; or

   (b)   the difference between the purchase price per share and the sales price per share for each share sold between November 1, 2002 and January 29, 2003; or

---

[1]   Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $2.22 was the mean closing price of Measurement Specialties, Inc. common stock during the 90-day period beginning on November 1, 2002 (the first date on which trading resumed after July 12, 2002) and ending on January 29, 2003.

(c)    the difference between the purchase price per share and $2.22 for each share still held at the close of trading on January 29, 2003.

5.    For shares of common stock purchased between February 15, 2002 and October 31, 2002, inclusive, and sold between February 15, 2002 and October 31, 2002, inclusive, there shall be no Recognized Loss.

## VIII.  ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT

On _____, the Court certified a class, for settlement purposes only.  The Settlement Class is defined as all of the Members of the Class.

## IX.  PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you will remain a Class Member unless you elect to be excluded from the Class.  If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the settlement of the Litigation whether or not you file a Proof of Claim.

**If you wish to remain a Settlement Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund).  Your interests will be represented by Plaintiffs' Lead Counsel.  If** you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.**  The Proof of Claim and Release must be postmarked on or before _____, 2004, and delivered to the Claims Administrator at the address below.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net

13

Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## X.   EXCLUSION FROM THE CLASS

Each Member of the Class shall be bound by all determinations and judgments in this Action concerning the settlement, whether favorable or unfavorable, unless such person shall mail, by first class mail, a written request for exclusion from the Class, postmarked no later than _____, addressed to Measurement Specialties Securities Litigation Exclusion, c/o_____. No person may exclude himself from the Class after that date.  In order to be valid, a Request for Exclusion must state: (1) the name and address of the Person requesting exclusion; (2) the Person's purchases and sales of Measurement Specialties stock made during the Class Period, including the dates, the number of shares, and prices paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Class.  Such Persons should also state their telephone number.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## XI.   DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Judgment will provide that all Class Members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released

14

Parties.  The Judgment shall also provide that the Class Members shall be permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any capacity, in any forum by the Class Members, or any of them, or the successors or assigns of any of them, against any of the Released Parties, which arise out of, or relate in any way to, or could have been asserted based upon, the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or which relate to the Litigation.

## XII.   APPLICATION FOR FEES, EXPENSES AND AWARDS

At the Settlement Hearing, Plaintiffs' Lead Counsel will request the Court to award attorneys' fees of up to 30% of the settlement proceeds, plus reimbursement of expenses, not to exceed $125,000, which were advanced in connection with the Litigation, plus interest thereon.

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of plaintiffs and the Members of the Class, nor has counsel been reimbursed for their out-of-pocket expenses.  The fee requested by Plaintiffs' Lead Counsel would compensate Plaintiffs' Counsel for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this representation on a contingency basis.  The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

15

## XIII.   CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of March 31, 2004.

## XIV.   THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, the adequacy of representation by Plaintiffs' Lead Counsel, or the application for attorneys' fees, costs and expenses, may appear and be heard at the Settlement Hearing.  Any such Person must submit and serve a written notice of objection, to be received on or before _____, 2004, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> DISTRICT OF NEW JERSEY
> Martin Luther King, Jr. Federal Building
> 50 Walnut Street
> Newark, NJ 07101
>
> KAPLAN FOX & KILSHEIMER LLP
> FREDERIC S. FOX
> CHRISTINE M. FOX
> 805 Third Avenue, 22nd Floor
> New York, NY 10022
>
> *Plaintiffs' Lead Counsel*

16

McCARTER & ENGLISH, LLP
RICHARD HARPER
Four Gateway Center
100 Mulberry Court
Newark, NJ 07102

*Attorneys for Defendants Measurement
Specialties, Inc., Stephen Petrucelli, John Arnold,
Theodore Coburn and Dan Samuel*

SIDLEY AUSTIN BROWN & WOOD LLP
JAMES J. SABELLA
787 Seventh Avenue
New York, NY 10019

*Attorneys for Arthur Andersen LLP*

CLIFFORD CHANCE US LLP
Robert P. Varian
One Market Street
San Francisco, CA 94105

*Attorneys for Underwriter Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of Measurement Specialties shares purchased and sold during the Class Period, and contain a statement of the reasons for objection. Only members of the Settlement Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV.   SPECIAL NOTICE TO NOMINEES

If you hold any Measurement Specialties stock purchased during the Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of names and addresses of such Persons to the Claims Administrator:

Measurement Specialties Securities Litigation
c/o _____

17

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

## XVI. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07101.

If you have any questions about the settlement of the Litigation, you may contact Plaintiffs' Lead Counsel by writing:

> KAPLAN FOX & KILSHEIMER LLP
> FREDERIC S. FOX
> CHRISTINE M. FOX
> 805 Third Avenue, 22nd Floor
> New York, NY 10022

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____          BY ORDER OF THE UNITED STATES
                           DISTRICT COURT FOR THE
                           DISTRICT OF NEW JERSEY

18

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civ. Action No. 02-CV-1071

IN RE MEASUREMENT SPECIALTIES, INC.
SECURITIES LITIGATION

PROOF OF CLAIM AND RELEASE

EXHIBIT 2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *In re Measurement Specialties, Inc. Securities Litigation,* Civ. Action No. 02-CV-1071 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in ¶3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.      **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE** _____, 2004, **ADDRESSED AS FOLLOWS:**

<u>Measurement Specialties Securities Litigation</u>
c/o _____

If you are NOT a member of the Class, as defined in the "Notice of Proposed Settlement of Class Action" (the "Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you did not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation **WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.**

## II.      DEFINITIONS

1.      "Defendants" means Measurement Specialties, Joseph R. Mallon, Kirk J. Dischino, Dr. Steven P. Petrucelli, Damon Germanton, John D. Arnold, Theodore J. Coburn, Dan

1

J. Samuel, Needham & Company, Inc., Friedman Billings Ramsey & Co., Inc., Janney

Montgomery Scott LLC, and Arthur Andersen LLP ("Arthur Andersen").

## III.   CLAIMANT IDENTIFICATION

1.      If you purchased Measurement Specialties stock and held the certificate(s) in your

name, you are the beneficial purchaser as well as the record purchaser. If, however, you

purchased Measurement Specialties stock and the certificate(s) were registered in the name of a

third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third

party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each

purchaser of record ("nominee"), if different from the beneficial purchaser of Measurement

Specialties stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE

ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL

REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE

MEASUREMENT SPECIALTIES STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim. Executors, administrators, guardians,

conservators and trustees must complete and sign this claim on behalf of Persons represented by

them and their authority must accompany this claim and their titles or capacities must be stated.

The Social Security (or taxpayer identification) number and telephone number of the beneficial

owner may be used in verifying the claim. Failure to provide the foregoing information could

delay verification of your claim or result in rejection of your claim.

## IV.   CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Measurement

Specialties Stock" to supply all required details of your transaction(s) in Measurement

2

Specialties stock. If you need more space or additional schedules, attach separate sheets giving all the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to **all** of your purchases and **all** of your sales of Measurement Specialties stock which took place at any time from July 26, 2000 through and including October 31, 2002 (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.     List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction.

4.     The date covering a "short sale" is deemed to be the date of purchase of Measurement Specialties stock. The date of a "short sale" is deemed to be the date of sale of Measurement Specialties stock.

5.     Brokers' confirmations or other documentation of your transactions in Measurement Specialties stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6.     For each transaction in Measurement Specialties stock, the date of purchase and sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

7.     The purchase price is the price paid exclusive of commissions or other expenses. The sale price is the price received exclusive of commissions or other expenses.

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*In re Measurement Specialties, Inc. Sec. Litig.,*
Case No. 02-CV-1071

**PROOF OF CLAIM**

**Must be Postmarked No Later Than:**
**_____, 2004**

Please Type or Print

PART I:         CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____          _____   _____
City                                              State            Zip Code

_____          _____     Individual
Social Security Number or
Taxpayer Identification Number    _____     Corporation/Other

_____      _____ (work)
Area Code        Telephone Number

_____      _____ (home)
Area Code        Telephone Number

_____
Record Owner's Name (if different from beneficial owner listed above)

4

PART II:    SCHEDULE OF TRANSACTIONS IN MEASUREMENT SPECIALTIES
           STOCK

A.    Number of shares of Measurement Specialties stock held at the close of trading on
      July 25, 2000: _____

B.    Purchases (July 26, 2000 – October 31, 2002, inclusive) of Measurement
      Specialties stock:

| Trade Date | | | No. of | Total |
| Mo. | Day | Year | Shares Purchased | Purchase Price |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

C.    Sales (July 26, 2000 – October 31, 2002, inclusive) of Measurement Specialties
      stock:

| Trade Date | | | No. of | Net |
| Mo. | Day | Year | Shares Sold | Sales Price |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

D.    Number of shares of Measurement Specialties stock held at close of trading on
      October 31, 2002: _____

If you require additional space, attach extra schedules in the same format as above. Sign and
print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS

      I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement

(the "Stipulation") described in the Notice.  I also submit to the jurisdiction of the United States

District Court for the District of New Jersey, with respect to my claim as a Class Member and for

purposes of enforcing the release and covenant not to sue set forth herein.  I further acknowledge

that I am bound by and subject to the terms of any judgment that may be entered in the

Litigation.  I agree to furnish additional information to Plaintiffs' Lead Counsel to support this

claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Measurement Specialties stock during the Class Period and know of no other Person having done so on my behalf.

## VI.   RELEASE

1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Parties, collectively including the "Measurement Specialties Released Parties" and the "Arthur Andersen Released Parties" as defined below:

(a)     "Measurement Specialties Released Parties" means Measurement Specialties and the Individual Defendants, including Joseph R. Mallon, Kirk J. Dischino, Dr. Steven P. Petrucelli, Damon Germanton, John D. Arnold, Theodore J. Coburn, Dan J. Samuel, and each of Measurement Specialties' and the Individual Defendants' past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, solicitors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which Measurement Specialties or any of the Individual Defendants has a controlling interest, any members of their immediate families, or any trust of which Measurement Specialties or any of the Individual Defendants is the settlor or which is for the benefit of Measurement Specialties or any of the Individual Defendants and/or member(s) of his or her family.

(b)     "Arthur Andersen Released Parties" means Arthur Andersen; AWSC Societe Cooperative, en liquidation (formerly known as Andersen Worldwide SC); Accenture LLP (formerly known as Andersen Consulting LLP); Accenture Partners, SC (formerly known

6

as Andersen Consulting Partners, SC) (the "Andersen entities"); and each of their past and present directors; officers; partners; principals; employees; members of the immediate families of such directors, officers, partners, principals or employees; members firms; agents; underwriters; insurers; co-insurers; reinsurers; controlling shareholders; attorneys; solicitors; banks or investment banks; associates; personal or legal representatives; predecessors; successors; parents; subsidiaries; divisions; joint ventures; assigns; spouses; heirs; related or affiliated entities; any entity in which any of the Andersen entities has a controlling interest; or any trust of which any of the Andersen entities is the settler or which is for the benefit of any of the Andersen entities.

    (c)  "Underwriter Released Parties" means Needham & Company, Inc., Friedman Billings Ramsey & Co., Inc., Janney Montgomery Scott LLC, and any past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, solicitors, banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures or assigns of any of the above-listed entities.

    2.  "Released Claims" shall mean any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims (defined below), that have been or could have been asserted directly, indirectly, representatively or in any other capacity, in any forum by the Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way to, the allegations, transactions, facts, events, matters,

occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in the Litigation, including, without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty, arising out of, based upon or related in any way to the purchase, acquisition, sale or disposition of Measurement Specialties common stock by any Class Member in the Offering or during the Class Period. Released Claims includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation.

3.     "Unknown Claims" means any and all Released Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which, if known by him, her, or it might have affected his, her or its decision(s) with respect to the Stipulation. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

8

4.      I hereby covenant and agree to refrain from instituting, commencing or prosecuting any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any other capacity, in any forum by me or my successors or assigns, against any of the Released Parties, which arise out of, or relate in any way to, or could have been asserted based upon, the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or which related directly or indirectly to the Litigation.

5.      This release and covenant not to sue shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

6.      I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Measurement Specialties stock which occurred during the Class Period as well as the number of shares of Measurement Specialties stock held by me (us) at the close of trading on July 25, 2000, the close of trading on October 31, 2002, and the number of shares of Measurement Specialties stock sold by me (us) during the period July 26, 2000 through October 31, 2002.

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

Name: _____

☐    Individual/Sole Proprietor                    ☐    Pension Plan

☐    Corporation          ☐    Partnership          ☐    Trust

☐    IRA                  ☐    Other
Enter TIN on appropriate line.

For individuals, this is your Social Security Number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _        or        _ _ - _ _ _ _ _ _ _
Social Security Number                 Employer Identification Number

PART II

For Payers Exempt From Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

10

PART III
Certification

UNDER THE PENALTY of PERJURY, I (WE) CERTIFY THAT:

The number shown on this form is my correct TIN; and I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out item 2 above.

SEE ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
(Month/Year)                          (City)

_____
(State/County)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

11

**ACCURATE CLAIMS PROCESSING TAKE A**

**SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original or copies of stock certificates.

4. Keep a record of your claim form for your records.

5. If you desire an acknowledgement of receipt of claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE MEASUREMENT SPECIALTIES, INC.
SECURITIES LITIGATION

Civ. Action No. 02-CV-1071

**SUMMARY NOTICE FOR PUBLICATION**

**EXHIBIT   3**

TO:   **ALL PERSONS WHO PURCHASED THE STOCK OF MEASUREMENT
SPECIALTIES, INC. DURING THE PERIOD JULY 26, 2000 THROUGH
AND INCLUDING OCTOBER 31, 2002, INCLUDING THOSE PERSONS
WHO PURCHASED MEASUREMENT SPECIALTIES STOCK IN A
SECONDARY OFFERING WHICH BECAME EFFECTIVE ON OR
ABOUT AUGUST 1, 2001**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District

Court for the District of New Jersey, that a hearing will be held on _____, 2004, at ____

_.m., before the Honorable Katherine S. Hayden at United States District Court for the District of

New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07101 for

the purpose of determining: (1) whether the proposed settlement consisting of the sum of

$8,090,000 in cash, plus accrued interest, should be approved by the Court as fair, reasonable,

and adequate; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of

Allocation") is fair, reasonable and adequate; (3) whether the application by Plaintiffs' Counsel

for an award of attorneys' fees and reimbursement of expenses should be approved; and

(4) whether the Litigation should be dismissed with prejudice.

If you purchased the common stock of Measurement Specialties during the period July

26, 2000 through and including October 31, 2002, including those Persons who purchased

Measurement Specialties stock in a secondary offering which became effective on or about

August 1, 2001, your rights may be affected by the settlement of the Litigation. If you have not

received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of

Claim and Release, you may obtain copies by: (1) writing to Measurement Specialties Securities

Litigation, c/o _____; (2) contacting _____ at (800)_____; or

(3) downloading a copy of the Notice and Proof of Claim Form from www._____.com. If you

are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you

must submit a Proof of Claim and Release no later than _____, 2004, establishing that

you are entitled to recovery. You will be bound by any judgment rendered in the Litigation

whether or not you make a claim.

1

If you desire to be excluded from the Class, you must file a request for exclusion by

_____, 2004, in the manner and form explained in the detailed Notice referred to above.  All

members of the Class who have not requested exclusion from the Class will be bound by any

judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Inquiries, other than requests for the Notice and Proof of Claim form, may be made to

Plaintiffs' Lead Counsel:

> KAPLAN FOX & KILSHEIMER LLP
> FREDERIC S. FOX
> CHRISTINE M. FOX
> 805 Third Avenue, 22nd Floor
> New York, NY 10022
>
> Plaintiffs' Lead Counsel

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2004

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY